UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOANNA and JOAQUIN FLORES, husband and wife,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF RICHLAND; JOHN DOE NOS. 1-10,<br><br>    Defendants.<br>_____ | NO. **4:15-CV-5110-LRS**<br><br>**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS** |

    **BEFORE THE COURT** is the Defendant City of Richland's Motion For Judgment On The Pleadings (ECF No. 7). This motion was heard with oral argument on March 17, 2016.

## I. BACKGROUND

    Pursuant to Fed. R. Civ. P. 12(c), Defendant City of Richland seeks entry of judgment in its favor on Plaintiffs' First Amended Complaint on the basis that the 42 U.S.C. §1983 claims pled therein are barred by the applicable statute of limitations. Courts entertaining claims brought under §1983 borrow a state's "general or residual statute for personal injury actions" to determine the applicable statute of limitations. *Owens v. Okure*, 488 U.S. 235, 250, 109 S.Ct. 573 (1989). In Washington, that is RCW 4.16.080(2) which provides a three year statute of limitations for "[a]n action . . . for any other injury to the person or rights of another not hereinafter enumerated." *Manning v. Washington*, 463 F.Supp.2d 1229, 1234 (W.D. Wash. 2006).

**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS-**     **1**

Plaintiffs' original "Complaint For Personal Injuries And Damages (Negligence)" was filed in Benton County Superior Court on December 17, 2014. (ECF No. 1-1). It alleged only state law claims. This followed Plaintiffs' filing of an administrative "Claim For Damages" with the City of Richland on October 14, 2014. (ECF No. 1-3 at pp. 106-112).[1] On August 25, 2015, Defendants[2] moved for summary judgment on the claims pled in Plaintiffs' original Complaint. (ECF No. 1-3 at pp. 60-61). On October 1, 2015, Plaintiffs filed a Motion For Leave To File An Amended Complaint. (ECF No. 1-3 at p. 193). On October 9, the Benton County Superior Court granted this motion. (ECF No. 1-3 at pp. 229-230). On October 16, 2015, Plaintiffs filed their First Amended Complaint, adding federal §1983 claims. (ECF No. 1-2 at pp. 17-24). On the same date, the Benton County Superior Court issued an order granting Defendants' Motion For Summary Judgment and dismissing with prejudice "[a]ll state law claims alleged by plaintiffs against defendants, including, but not limited to claims for assault and battery and negligence." (ECF No. 1-3 at pp. 225-227). The order recited that it had specifically considered "Plaintiffs' Complaint" and "Plaintiffs' First Amended Complaint," among other materials. (*Id*). Following entry of this order, Defendant City of Richland removed the action to this court. (ECF No. 1).

## II. DISCUSSION

---

[1] Plaintiffs originally submitted their claim via letter dated October 9, 2014, bearing a date received stamp of October 13, 2014. (ECF No. 1-3 at pp. 100-104). They then resubmitted the claim using the city's form.

[2] Plaintiffs' original Complaint and First Amended Complaint names "John Does Nos. 1-10" as Defendants, in addition to the City of Richland.

**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS-    2**

The alleged injury giving rise to Plaintiffs' §1983 claims occurred during an encounter with Richland police on October 15, 2011. Accordingly, those claims, asserted for the first time in the First Amended Complaint filed on October 16, 2015, are well in excess of the three year statute of limitations and time-barred unless they "relate back" to the original Complaint filed on December 17, 2014. "Relation back" causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed. If the original complaint was timely filed, expiration of the statute of limitations at the time of the amendment is no bar. *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857-858 (9th Cir. 2011).

Defendant City of Richland contends "relation back" under Fed. R. Civ. P. 15(c) is not available to Plaintiffs because the claims asserted in their original Complaint were not timely filed. *ASARCO, LLC v. Union Pacific R. Co.*, 765 F.3d 999, 1007 (9th Cir. 2014)("[R]elation back does not help . . . if the original complaint was not timely filed in the first instance"). According to Defendant, Plaintiffs' original Complaint contained only causes of action for intentional torts- assault and battery- governed by Washington's two year statute of limitations, RCW 4.16.100(1). Those claims were untimely because they were contained in the original Complaint filed on December 17, 2014, well in excess of two years of October 15, 2011, the date on which the claims accrued. A negligence claim pled for the first time in the First Amended Complaint filed on October 16, 2015, would be untimely because that would be in excess of three years from October 15, 2011. And, of course, a §1983 claim pled in the First Amended Complaint would also be untimely as there would be no timely claim in the original Complaint to which it could "relate back." RCW 4.16.080(2) is the three year statute of limitations governing negligence claims and, as noted above, is the limitations period borrowed for determining the timeliness of §1983 claims.

**ORDER DENYING MOTION FOR**
**JUDGMENT ON THE PLEADINGS-      3**

In *Boyles v. City of Kennewick*, 62 Wn. App. 174, 813 P.2d 178 (1991), the original complaint sought damages for alleged excessive force by a police officer. Thereafter, plaintiff moved to amend the complaint to add a cause of action alleging negligence, but the motion was not ruled upon by the superior court. The superior court denied a motion to dismiss based on the statute of limitations and the defendants sought review by the court of appeals. The court of appeals found the complaint made out a claim for assault and battery which was time-barred because it was filed in excess of the governing two year statute of limitations, RCW 4.16.100(1). *Id*. at 177. The court of appeals noted that whether plaintiff could amend a pleading for damages based on excessive use of force to one based on negligence so that it related back, depended upon the factual allegations contained in the original complaint because under Washington law, factual allegations determine the applicable statute of limitations. *Id*. The court of appeals concluded that "[w]hile a claim for negligence against a police officer is possible, it is not raised by the factual allegations of the complaint in this case and, therefore, does not relate back to the original pleadings; additional facts would be necessary to support it." *Id*. at 178.

Likewise here, the factual allegations in Plaintiffs' original Complaint do not raise a claim for negligence against individual police officers.[3] The factual allegations in the original Complaint, however, are sufficient to raise a claim for negligence against the City of Richland. This claim was pled in Paragraph 12 of

---

[3] In Washington, "excessive force" is treated as the equivalent of the intentional torts of assault and battery because at issue is the intentional use of force by a police officer. There is no such thing as "negligent excessive force." Negligence and excessive force claims are distinct.

**ORDER DENYING MOTION FOR
JUDGMENT ON THE PLEADINGS-        4**

the original Complaint which alleged: "The City of Richland is **directly and vicariously liable** for the negligence, which caused the claimants' injuries. The City has negligently failed to properly supervise, train, hire and retain police officers, and has assumed vicarious liability for the negligence of its employees in this action." (ECF no. 1-1 at p. 12)(emphasis added). This claim was repeated in Paragraph 17 of Plaintiffs' First Amended Complaint. (ECF No. 1-2 at pp. 21-22). Plaintiffs did not re-characterize their negligence claim in their First Amended Complaint to gain the benefit of a longer limitation period (three years, as opposed to two years). Under Washington law, there is no inconsistency in alleging a municipality's negligence for alleged excessive force committed by its police officers which gives rise to its direct liability, as opposed to vicarious liability for the officers' alleged excessive force. See *LaPlant v. Snohomish County*, 162 Wn.App. 476, 479, 271 P.3d 254 (2011)("[W]hen an employee acts outside the scope of employment . . . an employer has a limited duty to control an employee for the protection of a third person. This direct, independent duty can give rise to an action for negligent hiring, training, and supervision."). Vicarious liability arises when an employee commits a tortious action within the scope of his employment and it is analytically distinct and separate from liability under negligent hiring, retention, and supervision theories. *Id*. at 479 and footnotes 6 and 7.

     Defendants' motion for summary judgment filed with the Benton County Superior Court (filed after the Plaintiffs' original Complaint, but before their Amended Complaint) acknowledged Plaintiffs were making a claim "that the City is **directly** liable in this case based upon its negligent failure to properly supervise, train, hire, and retain the 'John Doe' officers involved in this incident," citing Paragraph 12 of Plaintiff's original Complaint. (ECF No. 1-3 at p. 064)(emphasis added). Defendants sought summary judgment on Plaintiffs' negligence

**ORDER DENYING MOTION FOR
JUDGMENT ON THE PLEADINGS-      5**

claims based on Washington's public duty doctrine and there being "no evidence supporting their claims against the City for negligent hiring, training, supervision, and retention of RPD officers." (ECF No. 1-3 at pp. 071-074).[4] The order entered by the Benton County Superior Court granting Defendants' motion for summary judgment acknowledged that Defendants were seeking "an order granting summary judgment on state law claims for assault and battery **and negligence**" and found they were "entitled to summary judgment on the state law assault and battery **and negligence** claims." (ECF No. 1-3 at pp. 225-26). (Emphasis added). Defendants' summary judgment motion and the superior court order granting the motion treated as distinct the claims for assault and battery and the claim for negligence pled in Plaintiffs' original Complaint.

Fed. R. Civ. P. 15(c)(1)(B) provides: "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out- or attempted to be set out- in the original pleading . . . ." Plaintiffs' §1983 claims asserted in their First Amended Complaint clearly arise from the same conduct set out in their original Complaint. These claims "relate back" to Plaintiffs' original Complaint filed on December 17, 2014, which itself was timely with respect to the negligence claim pled therein as it was filed within three years after the alleged injury on October 15, 2011. Plaintiffs' administrative claim filed on October 14, 2014, tolled the running of the three year statute of limitations pursuant to RCW

---

[4] Defendants sought summary judgment on Plaintiffs' intentional tort claims on the basis that they were time-barred pursuant to the governing two year statute of limitations, RCW 4.16.100(1). (ECF No. 1-3 at pp. 066-070).

**ORDER DENYING MOTION FOR**
**JUDGMENT ON THE PLEADINGS-       6**

4.96.020(4)[5] , resulting in Plaintiffs timely filing their original Complaint on December 17, 2014, insofar as the negligence claim pled therein. Filing the original Complaint on December 17, 2014, had the effect of commencing the action "within five court days after the sixty calendar period ha[d] elapsed" on December 13, 2014[6], and therefore, the original Complaint for statute of limitations purposes "is deemed to have been presented on the first day after the sixty calendar day period elapsed," that being December 14, 2014. December 14, 2014 was one day short of expiration of the limitations period applicable to Plaintiff's negligence claim arising from an alleged injury occurring on October 15, 2011.[7]

---

[5] This statute provides:

> No action subject to the claim filing requirements of this section shall be commenced against any local governmental entity, or against any local governmental entity's officers, employees, or volunteers, acting in such capacity, for damages arising out of tortious conduct until sixty calendar days have elapsed after the claim has first been presented to the agent of the governing body thereof. The applicable period of limitations within which an action must be commenced shall be tolled during the sixty calendar day period. For the purposes of the applicable period of limitations, an action commenced within five court days after the sixty calendar period has elapsed is deemed to have been presented on the first day after the sixty calendar day period elapsed.

[6] 60 days from October 14, 2014.

[7] When the administrative claim was filed on October 14, 2014, one day remained on the three year statute of limitations applicable to the negligence claim. Because of the tolling resulting from RCW 4.96.020(4), that one day remained on December 14, 2014.

**ORDER DENYING MOTION FOR
JUDGMENT ON THE PLEADINGS-    7**

## III. CONCLUSION

Defendant's Motion For Judgment On The Pleadings (ECF No. 7) is **DENIED**. Plaintiff's 42 U.S.C. §1983 claims are timely and are not barred by the three year statute of limitations.

At present, the only claims which have not been adjudicated and remain for adjudication by this court are the §1983 claims. All state law claims, including the negligence claim, have been adjudicated by Benton County Superior Court and those interlocutory rulings remain in effect and may be appealed to the Ninth Circuit Court of Appeals after final judgment is entered by this court. *Preaseau v. Prudential Ins. Co. of America*, 591 F.2d 74, 79 (9th Cir. 1979). See also 28 U.S.C. §1450 (all "orders and other proceedings had in [state court] action prior to its removal shall remain in full force and effect until dissolved or modified dissolved by the district court").

**IT IS SO ORDERED.** The District Court Executive shall enter this order and forward copies to counsel of record.

**DATED** this 1st day of April, 2016.

*s/Lonny R. Suko*
LONNY R. SUKO
Senior U. S. District Court Judge

**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS-     8**